IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ELAINE CHAO, ) | |
| SECRETARY OF LABOR, ) | |
| UNITED STATES DEPARTMENT OF LABOR, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 03-3360-CV-S-JCE |
| FOSSCO, INC. d/b/a SCHULTZ & DOOLEY'S; ) | |
| FOSSCHUCK, INC. d/b/a SCHULTZ & DOOLEY'S) | |
| TOO; BIG BUNS, INC. d/b/a SCHULTZ & ) | |
| DOOLEY'S III; and CHARLES J. FOSS, JR. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is plaintiff's motion for summary judgment. Defendants have responded to the motion, and plaintiff replied thereafter.

Standard of Review

There are well-settled principles in ruling a summary judgment motion. Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law. Fed. R. Civ. P. 56©. E.g., Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Pierce v. Marsh, 859 F.2d 601, 603 (8th Cir. 1988).

As the Supreme Court reiterated in Celotex, the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." 477 U.S. at 327. Because summary judgment is a drastic

remedy, however, it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. Umpleby v. United States, 806 F.2d 812, 814 (8th Cir. 1986). In addition, the party opposing summary judgment motions may not rest upon the allegations in the pleadings. The nonmovant must resist the motion by setting forth specific facts showing there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The moving party has the burden of proving that these requirements have been met. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

In ruling on motions for summary judgment, the Court must give the nonmoving party all reasonable inferences that can be drawn from the underlying facts. Fischer v. NWA, Inc., 883 F.2d 594, 598-99 (8th Cir. 1989), cert. denied, 495 U.S. 947 (1990). The nonmoving party must, however, resist a summary judgment motion by setting forth specific facts that show there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); Burst v. Coors, 650 F.2d 930, 932 (8th Cir. 1981). The motion may then be granted only if there is no substantial evidence in support of that party's position.

## Discussion

It is stipulated by the parties that Jeanetta McCroskey and Edna Schlottach were managerial employees for defendants. During an investigation, plaintiff determined that they were administrative employees within the meaning of section 13(a)(1) of the Fair Labor Standards Act ["FLSA"], and 29 C.F.R. § 541.2, and accordingly, were exempt from the

2

overtime provisions of the Act through August 23, 2004.  On that date, the minimum salary level required to qualify for the administrative employee overtime exemption changed from $250 per week to $455 per week.  From August 23, 2004, to May 22, 2005, defendants guaranteed both employees a minimum salary of $455 per week, consisting of defendants paying $275 per week and counting $180 of the tips the employees received and lawfully reported to defendants each week.  At no time during this time period did they receive less than $455 per week.

Plaintiff seeks summary judgment on grounds that these two management employees do not qualify for the minimum wage and overtime exemption under section 13(a)(1) of the Act because the compensation they received, consisting of defendants' money and the employees' tips, does not meet the definition of "salary" under § 541 of the FLSA.

Plaintiff contends that under the FLSA, an employer may use tips as an offset for wages only and solely under the "tip credit" provision of the law.  It is asserted that tips are the property of the employee and are not considered wages paid by the employer, except to the extent that they qualify as a credit under the FLSA's § 6, 29 U.S.C. § 206 minimum wage requirement.

Defendants contend that the two employees at issue were paid on a "salary basis" because they guaranteed Ms. McCroskey a minimum salary of $455 per week, which consisted of them paying her $275 per week and counting $180 of the tips she received.  They also contend that they guaranteed Ms. Schlottach a minimum salary of $450 [sic] per week, under the same arrangement.  Defendants dispute plaintiff's conclusion that tips cannot be counted towards the employees' salaries, and they argue that plaintiff's reliance on the "tip credit" provision is not applicable nor persuasive because this case does not involve credit towards the required minimum wage for hourly employees.  Rather, they state that the case involves the guaranteed

3

amount for the "salary basis" test for the administrative exemption relating to managerial employees.  It is their theory that, because the employees in question received at least $455.00 per week, regardless of the hours they worked, they should be considered to have been paid on a "salary basis," and therefore to qualify for the administrative exemption regarding overtime provisions.

It is defendants' position that because the employees were paid at least the required minimum weekly salary, they should be found to meet the applicable exemption under 29 C.F.R. § 541.602.  They rely on the language under the "general rule" provision, section (a), which provides that an employee is considered to be paid on a "salary basis" "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."  It is their theory that this regulation only requires that employees be guaranteed at least $455 per week, regardless of the hours worked.  It is also their position that counting a portion of the tips towards the guaranteed minimum was not a practice that was detrimental to the employees.

In reply, plaintiff asserts that Congress has made clear that tips are the property of the employee, which position has been repeatedly stated by the Wage and Hour Administrator in opinion letters.  Plaintiff states that the tip credit provisions do not apply to salary-based employees, and that the regulations clearly contemplate payment of a salary, by the employer.

Having fully reviewed the record and applicable law in this case, the Court finds that plaintiff's motion for summary judgment should be granted.  Despite the arguments advanced by defendants, they have directed the Court to no authority that would support their position.

4

Regardless of their contentions, there is no provision under the FLSA that would allow them to apply an administrative employee's tips to the salary computation to satisfy the obligation to pay the $455.00 salary required to be eligible for the Section 541 exemption. The Wage and Hour Administrator has rendered the opinion that tips are the employee's property, ((CCH Wage-Hour Admin. Rulings ¶ 31, 277 (Nov. 22, 1978)), and that a tip is not compensation paid by the employer and is not wages as such. ((CCH Wage-Hour Admin. Rulings ¶ 30,908 (Dec. 26, 1973)). Section 3(m) only allows an employer to take credit against a percentage of an hourly employee's tips towards the minimum wage. Additionally, the tip credit, where it is applicable, is not a dollar for dollar credit, which is what defendants have done in this case. Under defendant's theory, if an administrative employee earned $455 per week in tips, the employer would have to pay nothing. Further, defendants' practice does work to the detriment of these employees by depriving them of the tips that are their property under applicable law and by decreasing the salary they should have received. Accordingly, it will be the order of the Court that plaintiff's motion for summary judgment be granted.

Based on the foregoing, it is

ORDERED that plaintiff's motion for summary judgment be, and it is hereby, granted.

S/ James C. England<br>
JAMES C. ENGLAND, CHIEF<br>
United States Magistrate Judge

Date:   4/13/06

5

Case 6:03-cv-03360-JCE   Document 26   Filed 04/13/06   Page 5 of 5